JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ESTRADA,<br><br>          Plaintiff,<br><br>     v.<br><br>BELLFLOWER PARK, LP, et al.,<br><br>          Defendants. | Case No. 2:20-cv-05818-AFM<br><br>**OPINION AND ORDER GRANTING DEFENDANT CRESCO FOOD INC.'S MOTION FOR SUMMARY JUDGMENT** |

Defendant Cresco Food Inc. has filed a motion to dismiss under FRCP 12(b)(1) or in the alternative for summary judgment. (ECF No. 39.) The Court previously determined that the motion can be decided without oral argument. (ECF No. 40.) After consideration of the parties' submissions regarding the motion, the Court rules as follows.

## I.     BACKGROUND

This action arises out of an alleged violation of the Americans with Disabilities Act ("ADA"). Plaintiff is a paraplegic who cannot walk and uses a wheelchair for mobility. (ECF 1 at 1). Sometime in February 2020, Plaintiff visited Defendant's restaurant, motivated in part to determine if the Defendant's establishment complied with ADA standards. (*Id.* at 3.) Plaintiff contends that

Defendant failed to provide a wheelchair-accessible point of sales machine ("POS machine") in conformance with ADA standards. (*Id.*) As a result, Plaintiff sued Defendant for injunctive relief under the ADA as well as for actual and statutory damages under California's Unruh Civil Rights Act. (*Id.* at 7.) Defendant's restaurant is a public accommodation subject to the ADA and Unruh Act. (*Id.* at 3.)

Defendant contends that its POS machines were fully accessible and compliant when Plaintiff visited the location. (ECF 39 at 11.) Defendant hired CASp Experts, LLC to perform an inspection of the POS machines on March 18, 2021, in which the machines were confirmed to be compliant with the relevant regulations at issue. (ECF 39-1 at 9).

Plaintiff in his opposition cites a declaration of an investigator who visited Defendant's establishment on June 4, 2020. (ECF 51-2). That investigator took pictures of the POS machines, which show them to be on a retractable stand, measuring "approximately 52 inches high" from the middle of the screens to the floor. (ECF 51-1 at 3, 51-2 at 2). Plaintiff does not dispute that the POS machines are now currently compliant, but still contends that the machines did not comply on the date of the June 4, 2020 visit. (ECF 51 at 5).

In reply, Defendant contends that Plaintiff has not offered any evidence to create a triable issue of fact. (ECF 52 at 4). Further, Defendant argues that Plaintiff's inspection of June 2020 is not admissible evidence of non-compliance because the inspection did not look at the height of the counter, the height of the operable parts (i.e., the top of the keypad), or consider the fact that the POS machines had fully retractable handles. (*Id.* at 5.)

## II. SUMMARY JUDGMENT STANDARD

A court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The mere existence of some alleged factual dispute between the parties does not make summary judgment improper. *Anderson*

1  *v. Liberty Lobby, Inc*, 477 U.S. 242, 247 (1986). Only disputes over facts that may
2  affect the outcome of the case under governing law will properly preclude a
3  summary judgment motion. *Id*. The party seeking summary judgment bears the
4  initial responsibility of demonstrating the absence of a genuine issue of material
5  fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
6     When the moving party has carried its burden under Rule 56(c), its opponent
7  must do more than simply show that there is some metaphysical doubt as to the
8  material facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec.
9  Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Rather, the adverse
10 party must set forth specific facts showing that there is a genuine issue for trial.
11 *Anderson*, 477 U.S. at 250 (internal quotation marks omitted). The Court may
12 consider the pleadings, discovery, and disclosure materials, as well as any affidavits
13 on file. Fed. R. Civ. P. 56(c)(2).

### III.   UNDISPUTED MATERIAL FACTS

The Court finds the following material facts are undisputed and pertinent to the pending motion.

1. Defendant Cresco Food, LLC operates a Denny's restaurant located at 9312 Rosecrans Avenue in Bellflower, California. (ECF 1 at 22.) The other defendants have been dismissed with prejudice, so that Defendant Cresco Food LLC is the only remaining defendant at issue in the case. (ECF No. 43.)
2. Defendant's restaurant is a facility open to the public, a place of public accommodation, and a business establishment. (ECF 1 at 3.)
3. Plaintiff's ADA claim is based on Defendant's POS machines. (ECF 1 at 3.)
4. Defendant's POS machines currently comply with ADA requirements. (ECF 51 at 5 ("Plaintiff does not dispute that the POS machine complies currently . . ."); ECF 39-1 at 9.)

\\\

## IV. DISCUSSION

**A. Plaintiff's ADA claim is moot.**

A case becomes moot, and therefore no longer a "case or controversy" under Article III, when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (internal quotations omitted). Part or all of a case may become moot if (1) subsequent events have made it absolutely clear that the allegedly wrongful behavior cannot be reasonably expected to occur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1130 (C.D. Cal. 2005) (internal quotations omitted).

Under the ADA, "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). A plaintiff may only recover injunctive relief ordering that Defendant's facility is "readily accessible" for individuals with disabilities. *See* 42 U.S.C. § 12188(a)(2); § 121812(b)(2)(A)(iv). Because a plaintiff may only sue for injunctive relief under the ADA, a defendant's voluntary removal of alleged barriers prior to trial will moot a plaintiff's ADA claim. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011).

As the party moving for summary judgment on the grounds of mootness, Defendant has the initial burden to show that the alleged barriers have been removed or corrected, such that the POS machines are now compliant with the ADA. *See, e.g., Whitaker v. Urban Outfitters W. Ltd. Liab. Co.*, No. 2:19-cv-08444-JWH-KESx, 2021 U.S. Dist. LEXIS 36747, at *8 (C.D. Cal. Feb. 26, 2021). Here, Plaintiff concedes –and it is undisputed – that Defendant's POS machines are now fully ADA compliant, and there is no evidence that this compliance is likely to

4

change going forward. (ECF 51 at 5). Whether or not the POS machines were compliant during Plaintiff's initial visit is irrelevant to the ADA issue because Plaintiff has received the only relief to which he would be entitled to (i.e., ADA compliance) if the court were to issue an injunction. Accordingly, because any ADA issues concerning the POS machines identified in the Complaint have been redressed, Plaintiff's ADA claim against Defendant is moot.

### B. The Court declines to exercise supplemental jurisdiction.

In an action over which a district court possesses original jurisdiction, that court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Under 28 U.S.C. § 1367(c), district courts have discretion to decline to exercise supplemental jurisdiction if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The factors to consider in deciding whether to retain supplemental jurisdiction over state law claims include judicial economy, convenience, fairness, and comity. *O'Connor v. State of Nev.*, 27 F.3d 357, 363 (9th Cir. 1994).

Because the Unruh Act is coextensive with the ADA and allows for monetary damages, litigants in federal court in California often pair their state Unruh claims with their federal ADA claims. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007). Generally, in cases in which all federal law claims have been eliminated

5

before trial, the balance of judicial economy, convenience, fairness, and comity will point towards declining to exercise jurisdiction over the remaining state law claims. *See Johnson v. Cala Stevens Creek/Monroe*, LLC, 401 F. Supp. 3d 904, 911 (N.D. Cal. 2019).

    Here, because no federal claims will be retained, declining supplemental jurisdiction is proper. *See Oliver*, 654 F.3d at 910 (finding a district court did not abuse its discretion in dismissing Unruh state claim after losing original jurisdiction over ADA claim); *Vogel v. Winchell's Donut Houses Operating Co., LP.*, 252 F. Supp. 3d 977, 986 (C.D. Cal. 2017) (dismissing an Unruh state law claim after granting summary judgment on the ADA claim, the only claim over which it had original jurisdiction). The only legal issues remaining are state law issues, and thus, the question of comity is not pertinent. Because Plaintiff may prosecute his state law claims in state court, he has a further opportunity to vindicate his rights. Plaintiff has not shown that consideration of judicial economy or efficiency warrants federal jurisdiction over purely state law issues in this case.[1] Accordingly, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367 as to the remaining state law claims. *See, e.g., Langer v. McKelvy*, 2015 WL 13447522, at *1–2 (C.D. Cal. Sept. 24, 2015), aff'd, 677 F. App'x 363 (9th Cir. 2017).

## ORDER

    IT IS THEREFORE ORDERED that (i) Defendant Cresco Food Inc.'s motion for summary judgment on Plaintiff's ADA claim is granted; (ii) the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against

---

[1] Plaintiff's opposition asserts that "cross-motions for summary judgment are now pending" (ECF No. 51 at 6. However, the docket does not reflect that Plaintiff has filed any summary judgment motion, and Plaintiff also failed to file an amended complaint after being given the opportunity to do so.

Defendant; and (iii) the case is dismissed.

DATED: 6/25/2021

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE